ACP Hous. Assoc., L.P. v ABJ Milano, LLC (2024 NY Slip Op 05272)

ACP Hous. Assoc., L.P. v ABJ Milano, LLC

2024 NY Slip Op 05272

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Oing, J.P., Singh, Gesmer, González, Pitt-Burke, JJ. 

Index No. 156320/19 Appeal No. 2881 Case No. 2023-05417 

[*1]ACP Housing Associates, L.P., Plaintiff-Appellant,
v
ABJ Milano, LLC, Defendant-Respondent.

Goldberg Weprin Finkel Goldstein, LLP, New York (Matthew Hearle of counsel), for appellant.
Herrick, Feinstein LLP, New York (Silvia Stockman of counsel), for respondent.

Order, Supreme New York County (Joel M. Cohen, J.), entered on or about October 5, 2023, which granted defendant buyer's motion for summary judgment dismissing seller's complaint sounding in reformation and unjust enrichment, unanimously affirmed, with costs.
Buyer made a prima facie showing that it was entitled to judgment as a matter of law on seller's claim for reformation of the parties' real estate purchase and sale agreement based on a theory of either mutual mistake or a scrivener's error. "Reformation based upon a scrivener's error requires proof of a prior agreement between [the] parties, which when subsequently reduced to writing fails to accurately reflect the prior agreement" (Warberg Opportunistic Trading Fund L.P. v GeoResources, Inc. 151 AD3d 465, 470-471 [1st Dept 2017] [internal quotation marks omitted]). Here, there is no evidence of a prior oral agreement inconsistent with the written documents. Indeed, seller's representative testified that there was no oral agreement. Moreover, the real estate transfer documents, as well as the contract, all of which were prepared by seller's counsel, repeatedly and consistently included the description, by address, metes and bounds, and block and lot number, of the vacant lot that is the subject of the reformation action. This is inconsistent with a claim that the inclusion of the vacant lot was an inadvertent or isolated scrivener's error (see id.).
A claim for reformation based on mutual mistake must be supported by clear and convincing evidence that the agreement did not accurately express the parties' intention (see Warberg, 151 AD3d at 470). A mutual mistake must "'exist at the time the agreement is signed'" (Gulf Ins. Co. v Transatlantic Reins. Co., 69 AD3d 71, 85 [1st Dept 2009]). The evidence offered by seller — that a year before the closing, the parties did not intend to include the vacant lot in the transaction — substantially predated the parties' final agreements. Both buyer and its counsel affirmed that, by the time of the closing, the vacant lot was included in the sale. Their understanding was supported by, among other things, the deed, which included the vacant lot, other closing documents drafted by the seller, and the fact that the vacant lot and the two adjoining properties included in the purchase were all subject to the same regulatory agreement with the City of New York. Furthermore, after the closing, buyer, not seller, paid all the carrying costs of the property, including taxes. In addition, seller waited three years to seek reformation, which is persuasive evidence of the agreed intention of the parties (see Warberg at 471).
In opposition, seller failed to raise a triable issue of fact.
Because the sale of the subject properties is governed by a written contract, seller's claim for unjust enrichment was properly rejected (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024